IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

LEE SCOTT,

                Plaintiff,

   v.

MS. TANIE HARRIGAN,

                Defendant.

Civil Action No.
9:13-CV-1368 (DNH/DEP)

---

APPEARANCES:

| FOR PLAINTIFF: | OF COUNSEL: |
|---|---|
| LEE SCOTT, *Pro Se*<br>54 Glen Ave<br>2nd Floor<br>Mt. Vernon, NY 10050 | |
| FOR DEFENDANT: | |
| HON. ERIC T. SCHNEIDERMAN<br>Office of the Attorney General<br>State of New York<br>The Capitol<br>Albany, NY 12224 | KEVIN M. HAYDEN, ESQ.<br>Assistant Attorney General |

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

# REPORT AND RECOMMENDATION

This is an action brought by *pro se* plaintiff Lee Scott, a former New York State prison inmate, pursuant to 42 U.S.C. § 1983, complaining of the deprivation of his civil rights. While both his original and amended complaints asserted claims against several defendants based upon events and occurrences at multiple correctional facilities, his claims have been narrowed as a result of the court's initial review of his complaint, pursuant to 28 U.S.C. § 1915(e) and 1915A, and now include only a First Amendment retaliation claim against the nurse administrator at the Bare Hill Correctional Facility.

During the course of pretrial discovery in the action, the court entered an order that, *inter alia*, granted defendant leave to take plaintiff's deposition. Despite that order, however, plaintiff failed to appear for a properly noticed deposition. Based upon this failure, defendant now seeks dismissal of plaintiff's complaint pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure. For the reasons set forth below, I recommend that defendant's motion, which plaintiff has not opposed, be granted.

I. BACKGROUND

Plaintiff commenced this action on November 4, 2013. Dkt. No. 1. At the time, plaintiff was a New York State prison inmate being held in the custody of the New York State Department of Corrections and Community Supervision and confined in the Marcy Correctional Facility, located in Marcy, New York. *Id.* Plaintiff's complaint was accompanied by an application for leave to proceed *in forma pauperis*, which was granted. Dkt. Nos. 2 and 6.

On February 2, 2015, following the joinder of issue, the court entered a standard mandatory pretrial discovery and scheduling order of the type issued in all inmate cases pursuant to Rule 16 of the Federal Rules of Civil Procedure. Dkt. No. 17. The order set out certain obligations of the parties regarding discovery, and specifically granted defendant leave to take plaintiff's deposition pursuant to Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure and established deadlines for the completion of discovery and the filing of dispositive motions on August 3, 2015 and October 2, 2015, respectively. *Id.* at 4, 5. The court mailed plaintiff a copy of the order at the address provided by him. *Id.* There is no indication in the court's records that it was returned as undeliverable.

Defendant's counsel served a notice upon plaintiff on August 20,

2015, requiring him to appear for deposition at the United States Courthouse in Syracuse, New York, on September 14, 2015. Dkt. No. 23-1 at 2; Dkt. No. 23-2. According to the accompanying declaration of service, the notice was mailed to plaintiff at the following address:

> Lee Scott
> 937 Bushwick Ave.
> Brooklyn, NY 11221.

Dkt. No. 23-2 at 3.[1] According to defendant's counsel, plaintiff called him on September 2, 2015, to request an adjournment of his deposition, and also provide him with his new address. Dkt. No. 23-1 at 2. On September 4, 2015, defendant filed a letter with the court requesting an extension of the discovery deadline in order to permit her counsel to conduct plaintiff's deposition. Dkt. No. 21. Defendant's request was subsequently granted, and the discovery deadline was extended to October 30, 2015, with a corresponding extension of the motion filing deadline to December 30, 2015. Dkt. No. 22. Plaintiff's address was also updated that same day by the clerk, and plaintiff was reminded of his obligation to notify the clerk's office and all parties or their counsel, in writing, of any change in his address, and that his failure to do so could result in dismissal of his action. *Id.*

Defendant's counsel mailed a second notice of deposition to the

---

[1] This address is consistent with plaintiff's previously filed notice of change of address. Dkt. No. 11.

plaintiff on October 8, 2015, at his last known address, 54 Glen Ave., 2nd Floor, Mt. Vernon, New York 10550, directing him to appear at the United States Courthouse in Syracuse, New York, on October 26, 2015. Dkt. No. 23-1 at 2; Dkt. No. 23-3 at 2-3. That notice was accompanied by a cover letter from defendant's counsel that included the following warning:

> **If you cannot appear at the deposition on October 26, 2015, you must make an application to the Court because the discovery deadline is October 30, 2015.** Your failure to appear or cooperate during the deposition will result in Defendant moving for sanctions, including the dismissal of this action.

Dkt. No. 23-3 at 1 (emphasis in original). Plaintiff did not contact defendant's counsel, nor did he make any requests to the court for an extension of the discovery deadline.

On October 26, 2015, while defendant's counsel appeared for the scheduled deposition, plaintiff failed to do so. Dkt. No. 23-1 at 2; Dkt. No. 23-4 at 2. Defendant's counsel has submitted an invoice from Precision Reporters, P.C., reflecting that his office was invoiced for the cancelled deposition in the amount of $161.12. Dkt. No. 23-1 at 2; Dkt. No. 23-5.

On December 14, 2015, defendant moved seeking dismissal of plaintiff's complaint based upon his failure to appear for the scheduled deposition pursuant to Rules 37 and 41 of the Federal Rules of Civil

5

Procedure. Dkt. No. 23-6. To date, plaintiff has not responded to that motion.

II. DISCUSSION

A. Plaintiff's Failure to Oppose Defendant's Motion

Before turning to the merits of defendant's motion, a threshold issue to be addressed is the legal significance, if any, of plaintiff's failure to oppose defendant's motion, and specifically whether that failure should be construed as a consent to the dismissal of his complaint.

Pursuant to rule 7.1(b)(3) of the local rules of this court, by failing to oppose defendant's motion, plaintiff has effectively consented to the granting of the relief sought. That rule provides as follows:

> Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause is shown.

N.D.N.Y. L.R. 7.1(b)(3). Undeniably, *pro se* litigants are entitled to some measure of forbearance when defending against dispositive motions. *Jemzura v. Public Serv. Comm'n*, 961 F. Supp. 406, 415 (N.D.N.Y.1997) (McAvoy, J.). The deference owed to *pro se* litigants, however, does not extend to relieving them of the ramifications associated with the failure to

6

comply with the court's local rules. *Robinson v. Delgado*, No. 96-CV-0169, 1998 WL 278264, at *2 (N.D.N.Y. May 22, 1998) (Pooler, J., *adopting report and recommendation by* Hurd, M.J.). Accordingly, absent a showing of good cause, defendant's unopposed dismissal motion should be granted if determined to be facially meritorious. *See Allen v. Comprehensive Analytical Grp., Inc.*, 140 F. Supp. 2d 229, 231-32 (N.D.N.Y. 2001) (Scullin, J.); *Leach v. Dufrain*, 103 F. Supp. 2d 542, 545 (N.D.N.Y. 2000) (Kahn, J.).

B.  Analysis of Defendant's Motion

Defendant's motion implicates two separate subsections of Rule 37 of the Federal Rules of Civil Procedure. Rule 37(b)(2) provides for a range of sanctions available to a court in the event of a failure to obey a discovery order. Fed. R. Civ. P. 37(b)(2); *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 101 (2d Cir. 1995). Among those available sanctions is dismissal of an action, in whole or in part. Fed. Civ. P. Rule 37(b)(2)(A)(v); *see Linde v. Arab Bank, PLC*, 269 F.R.D. 186, 196 (E.D.N.Y. July 12, 2010) ("Such sanctions may include . . . dismissing a claim or the entire action or granting default judgment against the disobedient party[.]"). In addition, Rule 37(d) permits the court to issue appropriate sanctions based upon the failure of a party to appear for deposition after being served with a proper notice. Fed. R. Civ. P. 37(d)(1)(A); *see Dixon v. Albany Cnty. Bd. of*

*Elections*, No. 08-CV-0502, 2010 WL 1171225, at *2 (N.D.N.Y. Feb. 18, 2010) (Homer, M.J.), *report and recommendation adopted by* 2010 WL 1171483 (N.D.N.Y. Mar. 22, 2010) (Sharpe, J.), ("Rule 37(d) authorizes the same range of sanctions [offered in Rule 37(b)] against a party for failing to attend his or her deposition.").

In this instance, plaintiff failed to comply with the court's Rule 16 discovery order, which permitted defendant to depose him pursuant to a notice mailed at least fifteen days prior to the scheduled deposition date. Dkt. No. 17 at 4-5. After receiving defendant's first notice, plaintiff contacted defendant's counsel and requested an adjournment of the scheduled deposition. Dkt. No. 23-1 at 2. Defense counsel agreed, the deposition was rescheduled, and, at defendant's request, the discovery deadline was extended to accommodate the adjournment. *Id.*; Dkt. Nos. 22, 23-3. Notwithstanding those accommodations, plaintiff failed to appear for the second-noticed deposition. Dkt. No. 23-4 at 2. Based upon these circumstances, in light of plaintiff's failure to appear for deposition, Rule 37 authorizes the issuance of sanctions, which could include the dismissal of plaintiff's complaint.

Defendant's motion also seeks relief under Rule 41(b) of the Federal Rules of Civil Procedure, which provides that a court may, in its discretion,

8

order dismissal of an action based on a plaintiff's failure to prosecute or comply with an order of the court. Fed. R. Civ. P. 41(b); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014); *Rodriguez v. Goord*, No. 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. *adopting report and recommendation by* Lowe, M.J.). That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Baptiste*, 768 F.3d at 216-17 (reiterating that dismissals pursuant to Rule 41(b) "are 'the harshest of sanctions'" (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

A determination of whether to dismiss an action for pursuant to Rule 41(b) involves consideration of five specific factors, including (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Baptiste*, 2014 WL 4723272, at *3; *see also Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (applying factors in a failure to prosecute action);

9

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (applying factors where a party failed to comply with order of court). "No single factor is generally dispositive." *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). I have carefully evaluated those five factors, and find that they weigh decidedly in favor of dismissal.

This case has been pending for over two years, and it is likely that memories of the events in question have faded, relevant documents have been discarded, and potential witnesses have become unavailable. *See, e.g., Geordiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade."). In the letter accompanying defendant's second notice of deposition, plaintiff was explicitly warned that his failure to appear could result in dismissal of his claims. Dkt. No. 23-3 at 2. As required, I have considered less-drastic sanctions, but reject them. For example, I am persuaded that issuing an order reprimanding plaintiff for his conduct would be futile in light of his chronicled history of non-compliance with court directives and defendant's legitimate discovery requests. Given this and plaintiff's manifest disinterest in pursuing his claims in this action, I find that the need to alleviate congestion on the court's docket outweighs his right to receive a further chance to be heard in this matter and that the ultimate sanction of dismissal

is warranted.

## III. SUMMARY AND RECOMMENDATION

Since filing this action, plaintiff has failed to cooperate with both defendant's counsel and the court so that his claims can be fairly, efficiently, and timely adjudicated on their merits. His failure to comply with the court's order and defendant's notices that he appear for deposition justify recommending that plaintiff's complaint should be dismissed. Accordingly, it is hereby respectfully

RECOMMENDED that defendants' motion to dismiss (Dkt. No. 23) be GRANTED, and that plaintiff's complaint in this action be DISMISSED in its entirety.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated: February 10, 2016
Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge